# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISIOIN

PATSY CROOM,

      Plaintiff,

v.                                   Case No. 8:07-cv-01194-T-17TGW

SHERIFF WILLIAM F. BALKWILL,
Et al.,

      Defendants,

_____/

## ORDER GRANTING PLAINTIFF PATSY CROOM'S
## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This cause is before the court on Plaintiff, Patsy Croom's, Motion for Leave to File Amended Complaint. (Dkt. 19) and response thereto (Dkt. 22). The motion is hereby **GRANTED.**

## BACKGROUND

The original complaint in this case was filed on July 9, 2007. (Dkt. 1). Defendants, Sheriff William F. Balkwill and Detective Frank Bybee, filed answers to the initial complaint. (Dkt. 15). Defendants, United States of America and USPS Inspector Shawn Moffit, filed a Motion to Dismiss or in the Alternative for Summary Judgment. (Dkt. 16). Plaintiff, Patsy Croom, then filed an Amended Complaint and Request for Jury Trial in which she dropped Defendant Shawn Moffit altogether, dismissing Counts X (Assault-Moffit), XI (Battery-Moffit), and XII (Civil Rights-Excessive Force and Unlawful Siezure-Moffit); and, with regard to Count IX of the original complaint (Federal Tort Claims Act-United States of America), replaced Moffit with USPS Inspector John Crockett. (Dkt. 17). This Amended Complaint, however, was filed

without the consent of all the parties and without an order from the court.  Plaintiff Croom then filed a Motion for Leave to File Amended Complaint on September 25, 2007.  (Dkt. 19).  Defendants, Balkwill and Bybee, have filed an Answer to Amended Complaint and Affirmative Defenses.  (Dkt. 21).  Defendants, United States of America and Inspector Moffitt, have filed a Memorandum in Opposition to Plaintiff's Motion for Leave to File Amended Complaint.  (Dkt.  22).

## DISCUSSION

In the Memorandum in Opposition, the federal defendants oppose the allowance for leave to amend. The federal defendants argue that, if the amendment were allowed, the counts being dismissed by the amendment would be dismissed without prejudice.

Federal Rule of Civil Procedure 15(a) allows a party to amend a complaint once as a matter of course or, if a responsive pleading has already been filed, either by agreement of opposing parties or by leave of court.  Rule 15(a) also states that "leave shall be freely given when justice so requires".  The United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), has stated:

> in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. at 182.  The Eleventh Circuit has adopted a similar standard stating "a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." *United*

*Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada v. Georgia Power Company, et al.*, 684 F.2d 721, 724 (11th Cir. 1982) (citing *Foman*, 371 U.S. at 182).

In the instant case, Plaintiff Croom's attempt to amend her complaint does not run afoul of any of the concerns expressed by the United States Supreme Court in *Foman* or those of the Eleventh Circuit expressed in *Assoc. of Journymen*.  There is no undue delay in the instance case since the original complaint was filed in July 2007 and the attempt to amend was made in September 2007.  There is no bad faith on the part of Plaintiff Croom.  In fact, it is quite the opposite.  The Motion for Leave acknowledges that some of the arguments put forth by the federal defendants were well-taken and accordingly they should they drop Moffit as a party and also reduce the number of Counts in the complaint.  There is not a failure to cure deficiencies that could have been cured by previous amendments since this is the plaintiff's first attempt to amend.  The amendment is not futile because it attempts to hold responsible the correct parties and bring forth only those claims that can be rightfully brought.  There is also no undue prejudice to the opposing parties in this case.  Balkwill and Bybee have already agreed to the amendment and have already filed an answer to the amended complaint.  The federal defendants filed a motion to dismiss or in the alternative for summary judgment with regards to the original complaint; there is nothing that bars them from filing a similar motion with regards to an amended complaint.  The fact that, if the leave to amend is granted, it would result in having three of the counts dismissed without prejudice is not unduly prejudicial to the federal defendants.

The grant or denial for leave to amend is within the discretion of this Court. *Foman*, 371 U.S. at 182; *Assoc. of Journeymen*, 684 F.2d at 724.  In keeping with the "spirit of the Federal Rules", leave to amend is to be freely given and cannot be outright denied without a justifying reason.  There is no justifying reason in this case why leave to amend should not be granted.  Accordingly, it is

**ORDERED** that Plaintiff Patsy Croom's Motion for Leave to File Amended Complaint (Dkt. 19) be GRANTED and the plaintiff shall file the amended complaint within three days of this order.  The motion to dismiss or for summary judgment (Dkt. 22) is denied as moot.

**DONE and ORDERED** in chambers in Tampa, Florida on this 30th day of October, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc:  To all parties and counsel of record