UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATSY CROOM,

      Plaintiff,

vs.                                      Case No.: 8:07-cv-01194-T-17TGW

SHERIFF WILLIAM F.
BALKWILL, et al.,

      Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant, United States of America's, Motion to Dismiss Count IX (originally identified in pleadings as Count X) of the Amended Complaint. (Dkt. 25) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and Plaintiff, Patsy Croom's, Response. (Dkt. 34).

**BACKGROUND and PROCEDURAL HISTORY**

Plaintiff originally filed a complaint on July 9, 2007. (Dkt. 1). Defendants, Sheriff William F. Balkwill and Detective Frank Bybee, filed answers to this complaint. (Dkt. 15). Defendants United States of America (USA) and United States Postal Service (USPS) Inspector Shawn Moffit, filed a Motion to Dismiss or in the Alternative for Summary Judgment. (Dkt. 16). Plaintiff then, on September 19, 2007,

filed an Amended Complaint and Request for a Jury Trial dropping Shawn Moffit as a defendant, requesting dismissal of Counts X (Assault-Moffit), XI (Battery-Moffit); and with regard to Count IX of the original complaint (Federal Tort Claims Act-United States of America), substituting USPS Inspector John Crockett as a named Defendant. (Dkt. 17).  This remains the operative complaint under consideration and it is Count IX of this complaint that the Defendant United States of America seeks to have dismissed.

Plaintiff alleges that she was injured on August 20, 2004, during the execution of a search warrant by officers of the Sarasota County Sheriff's Office (SCSO) at 1370 13th Street in Sarasota, Florida, the residence of Plaintiff's son.  Plaintiff's complaint alleges false arrest, assault, battery and negligence against Sheriff Balkwill in Counts I-IV; and false arrest and imprisonment, assault, battery and civil rights violations against SCSO Detective Frank Bybee and SCSO Officer DOE in counts V-VIII.  In Count IX, Plaintiff alleges that the Defendant United States of America is liable under the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b) and 2671, <u>et seq.</u>, for the actions of USPS Inspector John Crockett.

Specifically, Plaintiff alleges that Inspector Crockett, a federal employee acting within the course and scope of his employment, made a controlled delivery of an international mail package of Ketamine (a Schedule III drug) from Bulgaria to the residence of Plaintiff's son.  Inspector Crockett, acting as a mail carrier, delivered the package to Plaintiff, wearing a bathing suit and seated in the front yard of the residence.  Plaintiff further alleges that she had a brief conversation with Inspector

Crockett during which she told him that she suffered from rheumatoid arthritis and also showed him surgical scars. Plaintiff received and signed for the package and Inspector Crockett left the premises to go to a close-by staging area. Shortly thereafter, SCSO officers, without Inspector Crockett, executed the search warrant and allegedly injured Plaintiff. After being notified that SCSO had secured the residence, Inspector Crockett returned to assist further with the investigation.

Plaintiff alleges that Inspector Crockett, jointly with SCSO officers, created a foreseeable zone of risk by making this controlled delivery. Further, Inspector Crockett breached his duty to Plaintiff to exercise reasonable care by either failing to relay information about Plaintiff's arthritic condition to other officers or if he did relay this information, failing to ensure that the SCSO officers acted appropriately in light of that information. Plaintiff alleges that this breach of duty was a proximate cause of Plaintiff's physical injuries sustained in the raid. Plaintiff asserts that Inspector Crockett was at all relevant times acting in the course of and within the scope of his official duties and therefore, his tort liability is imputed to the United States under the FTCA, 28 U.S.C.A. 1346(b) and 2671, et seq.

As required, Plaintiff has exhausted her administrative remedies by filing a claim with the USPS. (Dkt. 34 at 7.). The USPS denied her claim in a letter dated June 19, 2007. *Id*. The Plaintiff has provided a copy of this letter to the Court. *Id*.

In seeking dismissal of Count IX, Defendant USA asserts that Inspector Crockett was not present when any alleged injuries to Plaintiff occurred and further,

that the Inspector had no supervisory control over SCSO officers or their conduct of the raid. SCSO had a duty to conduct the raid in a reasonably prudent manner. Additionally, assuming that the brief conversation between Plaintiff and Inspector Crockett and/or observations of her physical condition were insufficient for him to assess her physical condition and since Plaintiff was wearing a bathing suit, the officers that actually conducted the raid could make any observations made by Inspector Crockett. Therefore, since Inspector Crockett did not participate in the raid and had no duty to Plaintiff recognized by Florida law, there exists no justiciable FTCA claim here.

## STANDARD OF REVIEW

Any defendant to a complaint may move to dismiss under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." See Fed. R. Civ. P. 12(b)(6). In deciding whether to grant a motion to dismiss on these grounds, a court must accept "the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." Starosta v. MBNA America Bank, N.A., 244 Fed.Appx. 939, 941 (11th Cir. 2007) (quoting from Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th Cir. 2005)). A well-pleaded complaint may proceed even though it may appear to the court that recovery is very remote and unlikely. Bell Atlantic Corp. et al. v Twombly, 127 S.Ct. 1955, 1965 (U.S. 2007). However, the complaint must contain more than a statement of facts that creates a suspicion of a legally cognizable right of action. *Id.* Courts are not required to accept as true "a legal conclusion couched as a

factual allegation." *Id*. However, while a court is authorized to dismiss a complaint on the basis of a dispositive issue of law, a complaint should only be dismissed if it appears beyond all doubt that the plaintiffs can prove no set of facts that would entitle them to relief. Executive 100, Inc. v. Martin County, 922 F.2d 1536, 1539 (11th Cir. 1991).

## DISCUSSION

The FTCA, supra, serves to provide redress for ordinary torts recognized by state law. Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004). Functioning as a limited waiver of sovereign immunity, 28 U.S.C. 1346(b)(1) permits a plaintiff to bring a civil action against the United States for "personal injury or death caused by the negligent act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." The tort alleged in Count IX of the complaint occurred in Sarasota, Florida, which makes Florida tort law applicable in this case.

In Florida, to state a claim in negligence requires a plaintiff to allege that a defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages. Stone v. United States, supra, at 1130. See also Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001) (quoted in Stone v. United States). In a negligence action, the determination of a duty of care is a question of law. Dazell v. Chertoff, 2005 WL 2581017, p.2 (M.D. Fla.

2005); Goldberg v. Florida Power & Light., 899 So.2d 1105, 1110 (Fla. 2005).  A duty of care may arise from: "(1) legislative enactments or administrative regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case." *Id.*

Under the FTCA as applied to this matter,  Plaintiff is required to prove that a federal employee, acting within the scope of his official duties, committed a tort actionable under Florida law.  The Court has considered the Plaintiff's allegations as true and construed them in a light most favorable to the Plaintiff, as the Court must do at this stage of the proceedings.  The Court is satisfied that USPS Inspector Crockett, a federal employee, was acting within the scope of his official duties when he participated in a narcotics investigation in Sarasota, Florida on August 20, 2004, with officers of the SCSO.  The main point of contention remaining here is whether or not Inspector Crockett had a duty of care to Plaintiff under Florida law and the specific facts Plaintiff has alleged.

Plaintiff does not allege that Inspector Crockett was present when SCSO initiated execution of the search warrant on August 20 and Plaintiff received her injuries.  Plaintiff instead alleges that, by making the undercover controlled delivery of drugs to Plaintiff, learning of her physical infirmity and failing to transmit this information to the SCSO officers or failing to take other measures to protect her from harm, Inspector Crockett created a foreseeable zone of risk to Plaintiff.

Plaintiff relies upon four Florida cases in support of her allegation that Inspector

Crockett's actions on August 20, 2004, created a foreseeable zone of risk making Defendant USA liable in tort.  Plaintiff first cites a case decided by the Florida Supreme Court in 2004, <u>Pollock v. Florida Dept. of Highway Patrol</u>, 882 So.2d 928 (Fla. 2004).  There, the Florida court described a special tort duty that arises when law enforcement officers place people within a "zone of risk" by creating or permitting dangers to exist by taking persons into custody, detaining them or in other ways subjecting them to danger.  *Id*. at 935.  However, in this case the court upheld a lower court's dismissal of a tort claim against the Florida Highway Patrol (FHP) which plaintiffs had claimed created a zone of risk by failing to respond appropriately to a traffic emergency.  *Id*. at 938.  While willing to criticize the FHP's actions, the court ruled that the FHP had no legal duty to issue warnings of potential dangers to motorists.  *Id*.  The court also specifically stated that where officers are not on the scene or "assumed any degree of control over the situation, the 'zone of risk' analysis has no application."  *Id.* at 935-936.

      This case, therefore, appears to provide greater support for the dismissal of Count IX sought by Defendant USA.  Inspector Crockett's assistance to SCSO on August 20, 2004, did not amount to his assumption of any degree of control over the entry of the premises by SCSO, the point at which Plaintiff alleges she was injured.  *See* aff. Inspector John Crockett (Sept. 7, 2007) (Dkt. 26.).  Inspector Crockett delivered the international mail package to Plaintiff, drove to a public area a short distance from the house and waited for SCSO to make entry.  *Id*.  After being notified

that SCSO had secured the premises, Inspector Crockett drove to the scene and provided what he described as "minimal" additional assistance to SCSO. *Id*. Inspector Crockett had no physical contact with Plaintiff nor did he at any time assume custody of her. *Id*. Similarly, any alleged obligation on the part of Inspector Crockett to relay information concerning Plaintiff's alleged physical infirmity to protect her from harm by SCSO officers, appears similar to the failure of FHP to warn motorists of danger that the Florida Supreme Court found specifically not actionable in Pollock.

Additionally, the other cases cited by Plaintiff in support of her opposition to the dismissal of Count IX also involved situations wherein law enforcement officers assumed control of plaintiffs or had some direct contact which were proximate causes of alleged injuries. In Brown v. Miami-Dade County, 837 So.2d 414, 418 (Fla. App. 3 Dist., 2001) an officer pointed a gun at a bystander in a prostitution sting and the startled bystander fell and sustained injuries. In Kaisner v. Kolb, 543 So.2d 732, 734 (Fla. 1989) the court ruled that an officer had a duty to protect a motorist the officer had detained from the hazard of oncoming traffic. Additionally, a federal district court recently declined to dismiss a count of a complaint against officers directly involved in forming a skirmish line and "herding demonstrators," thereby creating a "zone of risk." Rauen v. City of Miami, 2007 WL 686609 (S.D.Fla.). The court in Rauen specifically ruled that "those law enforcement officers" who formed the skirmish line and physically "herded" the demonstrators created a zone of risk to the demonstrators. *Id*. at p.16.

None of these above-cited cases present factual situations approximating what is alleged presently in Count IX of the complaint. At no time did Inspector Crockett assume custody or control of Plaintiff. Additionally, Inspector Crockett was not physically on-scene when SCSO officers executed the search warrant and Plaintiff allegedly sustained her injuries. Nor did USPS Inspector Crockett at any time have administrative authority to control the conduct of the SCSO officers whom he was assisting. Finally, assuming as true the claim of Plaintiff that she provided Inspector Crockett with some information concerning her physical infirmity, the Inspector's possible failure to relay this information to other officers does not amount to creating a zone of risk under Florida law. At most, this failure might provide some grounds for criticism similar to the court's comments in Pollock, where the court criticized FHP officers for failing to warn motorists of a hazardous situation. 882 So.2d at 938.

## Conclusion

The Court finds that, after a careful review of this matter in a light most favorable to Plaintiff, and assuming all of her allegations are true, USPS Inspector Crockett did not have a duty of care to Plaintiff under Florida law. Since Plaintiff cannot prove this necessary element of a tort in Florida, the FTCA action as described in Count IX of the complaint must fail. Count IX must therefore be dismissed. Accordingly, it is

**ORDERED** that Defendant, United States of America's, Motion to Dismiss

Count IX of the Amended Complaint (Dkt. 25) be **GRANTED**. Count IX of the Amended Complaint (Dkt. 17) is **DISMISSED** and the Clerk of Court is directed to terminate the Defendant from this case.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 14th day of April, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record